*In re* KINGS COUNTY EL. RY. CO.

*In re* SMITH.

*(Supreme Court, General Term, Second Department.  July 2, 1891.)*

1. ELEVATED RAILROADS—CONDEMNATION PROCEEDINGS—VIEW.

On an application to condemn the easements appurtenant to property, and taken by the construction of an elevated railroad in the street on which such property abutted, the commissioners may disregard the testimony of witnesses as to the damage resulting to the property from the construction of the railroad, and may base their conclusion on their knowledge and information derived from a view of the premises.

2. SAME—EVIDENCE.

In such case, evidence as to the depreciation in the value of the premises, caused by the noise and vibration of the railroad, is admissible.

Appeal from special term, Kings county.

Application by the Kings County Elevated Railway Company to acquire title to certain interests in the real estate of Eliza J. Smith, on Fulton street, in the city of Brooklyn.  From the appraisal and report of the commissioners, and from the order confirming such appraisal and report, petitioner appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Leslie W. Russell,* for appellant.  *Smith, Woodward & Buckley,* for respondent.

DYKMAN, J.  This is an appeal by the railway company from the award of commissioners appointed to ascertain and appraise the compensation to be made to the owners and persons interested in the real property described in the petition in this proceeding, and from the order confirming such report. It was the object of the proceedings to condemn the easements in Fulton street adjacent to the property in question, and the commissioners awarded $4,000 for such easements.  The appellant complains of the size of the award, and assigns some technical errors; but the means which are available to the

commissioners in these proceedings, and the advantages derived by them from sources which are not disclosed to the appellate court, entitle their conclusions to so much respect that their reports are rarely disturbed for excess or insufficiency, and this case is an illustration of the wisdom of such reluctance. The question for the determination of the commissioners was the damage resulting to the property from the construction and operation of the railroad in the street opposite thereto, and there was a wide difference in the testimony of the witnesses examined on that subject. The commissioners followed neither set of witnesses, but evidently formed their judgment and based their conclusion upon knowledge and information derived from their view of the premises, and the other sources which the law placed at their disposal. Witnesses were permitted, over the objection and exception of the appellant, to state the causes and the amount of the diminution to the property, and that is now assigned as error; and the especial objection seemed to be directed to the statements of the witnesses that noise and vibration were elements of depreciation in the value of the property. Our view is adverse to the contention of the appellant. The right to an award for damages was based upon an unauthorized and illegal use of the street in front of the premises of the respondent, and it was proper to take into consideration, as elements of damage, the depreciation caused by the deprivation of light and air, and the impairment of the easement of access. To ascertain the amount of depreciation of the property of the respondent chargeable to those causes, a general examination and inquiry was proper and necessary, so that, upon a general survey of all the causes of diminution, that portion which was attributable to the deprivation of light and air and convenience of access might be ascertained and allowed, and the residue rejected. In this view the testimony was admissible for the information of the commissioners, who are not confined to the ordinary rules of evidence for the acquisition of the facts upon which they base their report. Our conclusion is that the report and order appealed from should be affirmed, with $10 costs and disbursements. All concur.